1 | Tamar Terzian (CA Bar No. 254148)
tterzian@eppscoulson.com
2 | **EPPS & COULSON, LLP**
1230 Crenshaw Blvd.
3 | Torrance, Ca 90501
Telephone: (213) 929-2390
4 | Facsimile: (213) 929-2394
*Proposed* Bankruptcy Counsel for Magic
5 | Deigns, Inc., Debtor and Debtor in
Possession
6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11

12 | In re

CASE NO. 2:22-bk-13987-NB

13 | **MAGIC DESIGNS, INC,**

Chapter 11

14 | Debtor-in-Possession.

**OMNIBUS DECLARATION OF MS.**
15 | **AQUINO IN SUPPORT OF DEBTOR'S**
**FIRST DAY MOTIONS**

16 | Tax I.D.# /EIN 27-4288979

DATE:   {TBD}
TIME:    {TBD}
17 | PLACE: Courtroom 1545
U.S. Bankruptcy Court
18 | 255 E. Temple Street
Los Angeles, Ca 90012

19

20

21

22

23

24

25

26

27

28

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

I, Xanthyl Nuno Aquino, declare:

1.      I have personal knowledge of the facts stated herein.  I can testify that said facts are true and correct.

2.      I am the founder and owner of Magic Designs, Inc. (the "Debtor").

3.      The Debtor commenced the above-captioned reorganization case by filing a voluntary chapter 11 petition on Subchapter V on July 23, 2022 (the "Petition Date").  The Debtor continues to manage and operate its business as a debtor in possession.  No trustee or creditors committee has been appointed in the Debtor's chapter 11 case.

**Description of the Business**

4.      The Debtor is a small business manufacturer of clothing.  The Debtor's business has been in existence since 2010.  The Debtor operates from one location in South El Monte.  The Debtor's business suffered from various issues including, but not limited to, COVID and pending lawsuits.

5.      I reside in Altadena, California.  I am the sole owner and director of the Debtor.

**Recent Financial Results**

6.      The Debtor generated gross total revenue of approximately $1,125,594 for its fiscal year ended December 31, 2021.  For its fiscal year ending December 31, 2020 the Debtor generated gross total revenue of approximately $519,520.  For its fiscal year ended December 31, 2019, the Debtor generated gross total revenues in the approximate sum of $1,109,867.

**Debt Structure**

7.      As of the Petition Date, the Debtor has estimated unsecured debt in the amount of approximately $678,025.67, primarily owed to judgment creditors, Internal Revenue Service, Franchise Tax Board, Small Business Administration due to financial

1  struggles during COVID.  Besides certain judgment creditors, the Debtor has no secured

2  debt or loans.

3  **Real Estate Leases**

4       8.    As stated above, the Debtor currently operates from 1808 Petrero Avenue,

5  South El Monte, CA 91733.  The Debtor leases the location.  All rent payments are

6  current.  The Debtor anticipates continued operations and assumption of the lease.

7  **Employees**

8       9.    As of the Petition Date, the Debtor has approximately twenty-one

9  employees, including myself, and two other family members.  All employees are full-time

10  employees.

11  I.

12  **FACTORS PRECIPITATING CHAPTER 11 FILING**

13       10.    The Debtor's operations have suffered significantly as a result of COVID.

14  The judgment creditors and the expenses of litigation in state court impose substantial

15  burdens that prevent the Debtor from being profitable and, in particular continued

16  litigation impose substantial burdens negatively impacting the Debtor's operating results.

17  II.

18  **FACTS IN SUPPORT OF FIRST DAY MOTIONS**

19  Debtor's emergency Motion for Order Authorizing Payment of Prepetition Employee (the

20  "Employee Claims Motion")

21       11.    Each of the employees for whom the Debtor requests relief in the Employee

22  Claims Motion is currently employed by the Debtor.  The Debtor believes that paying

23  and/or honoring employee claims and benefits will allow the Debtor to retain necessary

24  employees, maximize the value of the Debtor's business and assets and leave the

25  Debtor in a position where it can restructure its business operation and debt on a viable

26  basis.  Further it will avoid interruption in the Debtor's business.

27       12.    The Debtor's employees are essential to the Debtor's continued operations

28  and the effective reorganization of the Debtor's business.  Without the relief requested

3

herein, the Debtor will incur the unnecessary risk of unmanageable turnover of its work force and employee morale will very likely decline due to, among other things, the economic burdens faced by employees in this economic climate.

13.    The continued payment and honoring the Debtor's employee benefits provides employees with sick time.  The Debtor believes that without maintaining such Employee Benefits, current employees will be harmed and the Debtor will have a difficult time attracting new employees without being expected to pay more in the form of wages and salaries.

14.    The Debtor will have adequate funds to continue the Debtor's ongoing operations.  The Debtor is in process of reducing overhead costs.  The Debtor anticipates implementing a restructuring plan.  The Debtor has a reasonable prospect for a successful reorganization in this case.

15.    I am receiving on a bi-weekly basis compensation of $1600.  My mother receives bi-weekly basis compensation of $1680.

16.    The Debtor believes the amount of such unpaid prepetition wages and salaries are minimal.  Pre-petition wages and any unpaid sick leave owed is approximately $18,880.69.

17.    The Debtor has sufficient funds to make the payments pursuant to this Motion.  Further, the Debtor's projections reflect that the Debtor has the ability to continue to operate its business without threatening the administrative solvency of the estate.

Debtor's Emergency Motion For Order: (1) Deeming Utility Companies Adequately Assured For Future Performance, (2) Establishing Procedures For Requests For Additional Assurance, And (3) Restraining Utility Companies From Discontinuing, Altering, Or Refusing Service (the "Utilities Motion")

18.    In connection with the operation of its business, the Debtor obtains electricity, water/sewage, trash removal/waste, telephone and other similar services from a number of different utility suppliers (the "Utility Providers").   The locations where the Debtor operates its business, the Debtor's Utility Providers, the name and address of the

1 │ providers, the type of service provided, the amounts of the Debtor's monthly charges for

2 │ each utility prior to the commencement of the Debtor's chapter 11 case are set forth in

3 │ Exhibit "1" to the Utility Motion.

4 │      The Utility Providers supply the Debtor with services essential to the continuation

5 │ of the Debtor's business.  Any interruption in the utility services provided to the Debtor

6 │ would seriously disrupt the Debtor's operations and could jeopardize the reorganization

7 │ of the Debtor.  The Debtor estimates that its projected average monthly aggregate utility

8 │ payments to the Utility Providers are approximately $1380.  As set forth below, the

9 │ Debtor hereby furnishes adequate assurance of payment to its Utility Providers.

10 │     19.    The Debtor's business has the following leased locations:

11 │ **Location Name and Address**

12 │ Magic Designs, Inc.

13 │ 1808 Potrero Avenue

14 │ South El Monte, Ca 91733

16 │     20.    The Debtor fully intends to pay all post-petition obligations owed to the

17 │ Utility Providers in a timely manner.  Further, the Debtor expects that anticipated

18 │ authorized post-petition funds will be more than sufficient to pay all post-petition utility

19 │ obligations.

20 │     21.    Nevertheless, the Debtor proposes to provide adequate assurance to the

21 │ Utility Providers by making a deposit equal to two weeks of utility service, calculated as a

22 │ historical average over the past ten month, to all Utility Providers as adequate assurance

23 │ (the "Adequate Assurance Deposit") within ten (10) business days of this Court's entry of

24 │ the Order, provided that such Utility Provider is not currently paid in advance for its

25 │ services and/or does not already hold a deposit equal to or greater than the Adequate

26 │ Assurance Deposit (which existing deposit, if any, shall be deemed to be the Adequate

27 │ Assurance Deposit).

28 │     22.    The Debtor submits that the Adequate Assurance Deposit, in conjunction

Case 2:22-bk-13987-NB    Doc 9    Filed 07/25/22    Entered 07/25/22 17:30:33    Desc
Main Document    Page 6 of 10

1 | with the Debtor's ability to pay for future utility services in the ordinary course of business
2 | constitutes sufficient adequate assurance to the Utility Providers.  If any Utility Provider
3 | believes additional assurance is required, it may request such assurance pursuant to the
4 | procedures described in the Utilities Motion.

5 | Debtor's Motion For Use of Cash Collateral on a Interim Basis

6 |      23.    The Debtor's use of cash collateral is essential to the survival of the
7 | Debtor's business and to preserve value.  Without immediate use of cash collateral, the
8 | Debtor will be unable to pay its normal and ordinary operating expenses (such as payroll,
9 | rent, utilities and payments to suppliers) as they come due in the ordinary course of the
10 | Debtor's business.

11 |      24.    The Debtor expects payments of approximately $60,000 to $80,000 within
12 | the first few months of this case.

13 |      25.    The Debtor has a few judgment creditors who assert an interest in the
14 | Debtor's cash, most of which are disputed.  The Debtor submits that the secured
15 | creditors will not be harmed in any way by the Debtor's use of cash collateral.  Without
16 | the proposed use of cash collateral, the Debtor will not have any liquidity to operate its
17 | business and will be unable to fund its ordinary course expenditures or pay the expenses
18 | necessary to administer this chapter 11 case.

20 |      I declare under penalty of perjury that the foregoing is true and correct.  Executed
21 | this 25 day of July, 2022, at El Monte, California

Xanthyl Zuleika Nuno Aquino,
President of Magic Designs, Inc.

6

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**EPPS & COULSON, LLP**
1230 Crenshaw Boulevard, Suite 200
Torrance, CA 90501

A true and correct copy of the foregoing document entitled (*specify*): **Omnibus Declaration of Ms. Aquino In Support of Debtor's First Day Motions**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 13, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Dare Law**    dare.law@usdoj.gov, ron.maroko@usdoj.gov
- **Tamar Terzian**    tterzian@eppscoulson.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)        7/25/2022        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Court:
Hon. Neil W. Bason
Edward R. Roybal Federal Building & Courthouse
255 E. Temple Street, Ste. 1552, Ctrm 1545
Los Angeles, CA 90012

Arnulfo Chamu Rojas
3713 Baldwin Ave.,
El Monte CA 91731

Marcela De Los Santos
33 Adena Street #8
Pasadena CA, 91104

Soledad Dominguez
1172 N. Summit Ave.,
 Pasadena, CA 91103

Rosalia Garcia
2707 Arrow Hwy
La Verne, CA 91750

Luis M. Hernandez
33 ADENA Street #8
Pasadena, CA 91104

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Martha Hernandez
752 N. Marengo Ave., #3
Pasadena, CA 91103


Teresa Hernandez Padilla
2637 Nevada Ave.,
El Monte, CA. 91733

Josefina Ledesma
344 Crosby Street
Altadena, CA. 91001

Jaime C. Lopez
1286 Summit Ave.,
Pasadena, CA 91001

Lorena Mancilla
290 Grandview Street
Pasadena, CA 91104

Martha Mendoza
1286 N. Summit Ave., #12
Pasadena, CA 91106

Teresa Nuno
2238 Glen Rose Ave.,
Altadena, CA 91001

Xanthyl Z. Nuno Aquino
2238 Glen Rose Ave.,
Altadena, CA 91001

Jacqueline b. Nuno Trejo
2238 Glen Rose Ave.,
Altadena, CA 91001

Benigna Perez
13718 Palm Ave.
Baldwin Park, CA 91706

Norma H. Quintana Pablo
3713 Baldwin Ave.,
El Monte, CA 91731

Socorro Rincon Sanchez
1455 N. Los Robles Ave., #19
Pasadena, CA 91104

Enrique Saavedra
7580 Marengo Ave.,
Pasadena, CA 91102

Delfina Solano

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

850 N. El Molino
Pasadena, CA 91104

Elsa Valdovinos
11458 Broadmead Street
 El Monte, CA. 91733

Ruben Vasquez
1681 LOCUST Street
 Pasadena, CA 91106

⊠  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state
method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing
to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that
personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/25/2022 | Whitney Waters | |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:22-bk-13987-NB
Central District of California
Los Angeles
Mon Jul 25 14:49:06 PDT 2022

Magic Designs, Inc
1808 Petrero Avenue
South El Monte, CA 91733-3023

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Athens Service
PO Box 60009
City of Industry, CA 91716-0009

C & V Holdings, LLC
4 Via Sueno
San Clemente, CA 92673-2764

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

LA Fabric Import International, Inc
c/o Euler Hermes Collections NA
800 Red Brook Blvd.
Owings Mills, MD 21117-5173

Security National Insurance Company
c/o Aires Law Firm
6 Hughes, Suite 205
Irvine, CA 92618-2063

Shahrokh Mokhtarzadeh, APC
16130 Ventura Blvd.
Suite 230
Encino, CA 91436-2527

Small Business Administration
312 North Spring Street 5th Floor
Los Angeles, CA 90012-2678

(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

State of CA Franchise Tax Board
PO Box2952
Sacramento, CA 95812-2952

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Xiamen Textile Clothes & Ornaments
c/o Jim Wei
12866 Ann Street
Suite 106
Santa Fe Springs, CA 90670-3061

Tamar Terzian
Epps & Coulson LLP
1230 Crenshaw Blvd.
Ste 200
Torrance, CA 90501-0421

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Southern California Edison
PO Box 300
Rosemead, CA 91772

End of Label Matrix
Mailable recipients    14
Bypassed recipients     0
Total                  14